In the Interest of K_____ C_____, a Minor.

No. 9048.

Court of Appeals of Texas, Texarkana.

June 29, 1982.

Joe R. Green, Mobley, Green, Harrison & Gardner, Longview, for appellant.

Emily H. Binion, Asst. Dist. Atty., Longview, for appellee.

CORNELIUS, Chief Justice.

K_____ C_____ appeals from an order of the district court revoking her probation and committing her to the Texas Youth Council. Her single point of error is that the order should be reversed because the court failed to make a written adjudication order stating his reasons for revoking probation. We do not find that to be reversible error in this case's posture and rather will remand the case to the district court for the entry of a proper order.

On April 3, 1980, appellant was found to have engaged in delinquent conduct and was placed on probation under certain restrictions. On May 31 the probation order was modified and appellant was ordered to live under the close supervision of the Texas Department of Human Resources. In November of 1981, the State filed a petition alleging that appellant violated the terms of her probation by twice running away from her placement with the Department of Human Resources. Appellant waived a jury trial, and the court set a hearing on the motion to revoke probation for November 19, 1981. On November 23, the district court rendered a disposition order committing appellant to the Texas Youth Council. The order stated that at a separate hearing on November 19 appellant was adjudged guilty of having engaged in delinquent conduct, but no adjudication order was entered in the record as required by Tex.Fam.Code Ann. § 54.03 (Vernon 1975) [1].

The failure to enter a proper adjudication order does not require a new trial in this case. There is no question concerning proof of the State's allegations or adequate notice to appellant, because she executed a written stipulation of evidence which acknowledged that she violated her probation by running away on the two occasions alleged. The disposition order recites, and appellant's brief in this Court acknowledges, that an evidentiary adjudication hearing was held. In these circumstances the failure to enter a written adjudication stating which allegations were found to be true is harmless and may be corrected by remanding the case to the district court for entry of a proper order pursuant to the requirements of Section 54.03.

It is so ordered. The judgment is affirmed with instructions.

---

1. "§ 54.03 Adjudication Hearing

"(a) A child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision only after an adjudication hearing conducted in accordance with the provisions of this section.

.    .    .    .    .

"(h) If the finding is that the child did engage in delinquent conduct or conduct indicating a need for supervision, the court or jury shall state which of the allegations in the petition were found to be established by the evidence. The court shall also set a date and time for the disposition hearing."